[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-11052
_____

D. C. Docket No. 02-00549 CR-S-M

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 14, 2006
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

JUSTIN WAYNE MATTHEWS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(June 14, 2006)**

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

This case is before us on remand from the Supreme Court to reconsider our decision in the light of Gonzales v. Raich, 125 S.Ct. 2195 (2005). The district court dismissed charges against Justin Wayne Matthews for possessing and producing child pornography, in violation of 18 U.S.C. 2251(a) and 18 U.S.C. 2252A(a)(5)(B),[1] as unconstitutional exercises of Congress's Commerce power. We affirmed, considering two earlier decisions from this Circuit. See United States v. Maxwell, 386 F.3d 1042 (11th Cir. 2004) (concluding the federal government may not criminalize the possession of child pornography when that pornography is not shown to have traveled in interstate commerce); United States v. Smith, 402 F.3d 1303 (11th Cir. 2005) (deciding the federal government may not criminalize purely intrastate, non-commercial production of child pornography in case where only link to interstate commerce was that the photographic equipment used to film the pornography had traveled in interstate commerce). Both of these precedential cases were also remanded by the Supreme Court for reconsideration in the light of Raich.

We address first Matthews's challenges to the statutes as they apply to his situation. In the present case, the videotape on which the images were stored and

---

[1]Matthews plead guilty to the possession and production charges, pending a ruling on his motion to dismiss for lack of jurisdiction.

the camera used to film the images -- but not the images themselves -- had traveled in interstate commerce. Matthews argues the statutes are unconstitutional as applied to him because his acts did not substantially affect interstate commerce.

This Circuit has addressed previously this factual situation for the possession statute, 18 U.S.C. § 2252A(a)(5)(B). Upon reconsideration, United States v. Maxwell, 446 F.3d 1210, 1211-12 (11th Cir. 2006), determined that the federal government may criminalize the intrastate possession of child pornography when the computer disks on which the images were stored, but not the images themselves, have traveled in interstate commerce. Thus, we vacate the district court's dismissal of the possession charge against Matthews.

This Circuit has not addressed previously this situation for the production statute, 18 U.S.C. § 2251(a), in the light of Raich.[2] Raich rejected a challenge to the Controlled Substances Act (CSA) by intrastate growers and users of medical marijuana. The Supreme Court said that Congress may regulate purely local intrastate activities if they are part of an "economic 'class of activities' that have a substantial effect on interstate commerce." Raich, 125 S.Ct. at 2205. Congress

---

[2]We note that under Raich the Fourth and Tenth Circuits have rejected similar challenges to 18 U.S.C. 2251(a). See United States v. Forrest, 429 F.3d 73, 76-79 (4th Cir. 2005) (determining under Raich that 18 U.S.C. 2251(a), as applied to a defendant who used cameras manufactured in interstate commerce to produce pornographic images of a minor, did not exceed Congress's authority under the Commerce Clause); United States v. Jeronimo-Bautista, 425 F.3d 1266, 1273 (10th Cir. 2005) (same).

3

needs only a rational basis for determining that such local activities substantially affect interstate commerce.  Id. at 2208.  Thus, the Court determined that, because the CSA regulated an economic class of activities and because Congress could conclude rationally that home-consumed marijuana could be drawn into (and thus affect) the interstate market, Congress could prohibit constitutionally the local possession and use of marijuana, even in instances that had only a de minimus impact on interstate commerce.  Id. at 2206-07.

The statutory scheme in the present case is, like the CSA, a comprehensive regulatory scheme aimed at an economic class of  activities.  See S. Rep. No. 95-438, at 5 (1977), reprinted in 1978 U.S.C.C.A.N. 40 (concluding that "child pornography . . . ha[s] become [a] highly organized, multimillion dollar industr[y] that operate[s] on a nationwide scale."); Raich, 125 S.Ct. at 2198 ("[Q]uintessentially economic activities [are] the production, distribution, and consumption of commodities for which there is an established, and lucrative, interstate market.").

We have no difficulty concluding that a rational basis existed for Congress to conclude that homemade child pornography would find its way into interstate commerce.  See H.R. Rep. No. 98-536, at 17, reprinted in 1984 U.S.C.C.A.N. 492, 508 ("Generally, the domestic material is of the 'homemade' variety, while the

4

imported material is produced by commercial dealers."); Pub. L. No. 104-208, § 121, 110 Stat. 3009, 3009-26 (1996) ("[T]he existence of and traffic in child pornographic images . . . inflames the desires of child molesters, pedophiles, and child pornographers who prey on children, thereby increasing the creation and distribution of child pornography and the sexual abuse and exploitation of actual children who are victimized as a result of the existence and use of these materials[.]"); see also Raich, 125 S.Ct. at 2211 ("Prohibiting the intrastate possession or manufacture of an article of commerce is a rational (and commonly utilized) means of regulating commerce in that product.").  Although Congress did not find specifically facts about how the intrastate production of child pornography substantially affects the interstate market, Raich noted that the Court has "never required Congress to make particularized findings in order to legislate."  Id. at 2208. Thus, Matthews's as-applied challenge to section 2251(a) must fail.

We turn to Matthews's facial challenges to the possession and production statutes.  The general rule is that to succeed on a facial challenge to a legislative act, the challenger must show that no set of circumstances exists under which the act would be valid.  Benning v. Georgia, 391 F.3d 1299, 1304 (11th Cir. 2004).

5

Our resolution of Matthews's as-applied challenges to the statutes demonstrates that Matthews is unable to meet this burden.

We VACATE the decision of the district court and REMAND for further proceedings consistent with this opinion.

VACATED and REMANDED.